**LOESCH v. UNITED FRUIT CO. et al.**
**THE YAQUE.**

United States District Court
S. D. New York.
June 8, 1951.

675

Maurice J. Smith, and Richard T. Graham, New York City, (Maurice J. Smith, New York City, of counsel), for libelant.

Thomas H. Walker, New York City (Julian Carr, New York City, of counsel), for respondent United Fruit Co.

LEIBELL, District Judge.

The libelant, a woman of about 60, was travelling as a passenger with a woman companion from Port Pierce, Florida, to New York on board the S. S. "Yaque". She boarded the vessel April 13, 1950. According to the libel herein, she fell while descending a companionway and stairway aboard the vessel on April 15, 1950 and sustained severe personal injuries. It is alleged that she sustained her injuries solely through the negligence of the respondent and because of the unseaworthiness of the vessel. The libel was filed October 20th and was served a few days thereafter. The respondents did not file their answers until April 19, 1951.

Meanwhile, on January 15, 1951 the plaintiff served a notice of motion for an order directing respondents to produce and discover and give the libelant an inspection and permission to copy a number of items, thirty seven in all. The motion (No. 48) came on before me on May 18th. The respondents were given additional time to serve answering affidavits and a brief. No answering affidavit has been served. Respondents rely on a brief submitted June 4th.

There was another motion (No. 47) in this case which was also on the calendar May 18th. The respondents had served a notice to take the libelant's deposition orally. Libelant moved to vacate and set

aside the notice. That motion was decided in Court after argument and a memorandum was endorsed on the motion papers, as follows:—"Motion to vacate notice of examination is denied on conditions, agreed to by counsel, that the examination of libelant take place at Saranac, N. Y. on a convenient date to be specified in the order to be submitted on this motion, said date to be subsequent to libelant's discovery and inspection. Plaintiff's attorney will pay the expenses of defendant's attorney for first class travel and hotel accommodations. Settle an order."

With respect to the libelant's motion for a discovery and inspection (No. 48) the attorneys for the respective parties entered into a stipulation on March 28, 1951 which disposed of all items except Nos. 6, 9, 10, 12, 13, 14, 23, 28, 33, 34, 35, 36 and 37. Those items will now be discussed.

■ Items (6), (9) and (10), which relate to repair lists and repair books, appear to be relevant and material to an issue in this case—the alleged defects in the stairway on which libelant fell.

Items (12), (13) and (14) read as follows:—

"(12) All statements of the officers, members of the crew and agents, servants and employees of United Fruit Company in connection with the stairway and companionway on which this libelant was injured.

"(13) All statements and reports of Captain Stark, the steward aiding libelant to her cabin following the injury, the chief officer Stanley Whidden, the Third Mate, and, Thomas Walker respondent's, United Fruit Company, Chief Claim Agent.

"(14) Copies of all statements taken in connection with this accident and in any related matter."

■ These items overlap in some respects. The parts thereof which libelant may properly request are—all statements and reports of the captain, chief officer and third mate, and any other officer of the S. S. "Yaque", concerning the condition of the stairway or any repairs thereto, and concerning the libelant's accident. These shall be shown libelant's attorney and he shall be permitted to make copies thereof. The respondent shall also furnish the libelant's attorney with the names and addresses of all persons who have any information concerning the condition of the stairway or any repairs thereto, or concerning the accident which befell the libelant.

Items (23), (28), (33), (34) and (35) read as follows:—

"(23) All plans, records, memoranda, statements in connection with stairways and companionways on vessel relating to their maintenance, operation, construction, and the construction, operation and maintenance of all appurtenances attached to or made a part thereof."

"(28) All plans, reports, statements, pictures of the stairway and companionway of the vessel obtained by the respondents and/or in the possession of the respondents their agents, servants, employees or attorneys."

"(33) Copies of reports and investigation of respondents and/or its agents, servants, employees and attorneys showing the exact manner in which the stairway and companionway upon which libelant was injured was constructed and maintained on the date of the said accident."

"(34) Photographs of the particular place on board the vessel that libelant sustained injuries."

"(35) Photographs of the companionway, the treads, the brass nosing, and the appurtenances attached thereto at the place on board the vessel where libelant was injured."

■ Some of these items also overlap. Items (34) and (35) are granted. They are also included in item (28). Items (23), (28) and (33) are approved in so far as they relate to plans, records and reports, and to that extent respondent shall permit the inspection and discovery.

Item (36) reads:—"(36) Memorandums of Thomas Walker, and any other agent, servant and employee of the respondents in connection with his talks with libelant and/or witnesses in connection with the accident and/or injuries sustained by libelant."

Some parts of that item appear to be included in items already disposed of, so they need not be again considered. In so far as the item relates to any memorandum of Walker's with respect to his talks with libelant, the request is denied. Apparently Walker did not obtain any signed statement from libelant. If he had, he would be required to produce it. Bough v. Lee, D.C., 28 F.Supp. 673.

Settle an order accordingly.